# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTON WILBERT JUDGE,

           Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,

           Agency.

DOCKET NUMBER
DC-0843-15-0325-I-1

DATE: September 9, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Anton Wilbert Judge</u>, Oxon Hill, Maryland, pro se.

<u>Roxann Johnson</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) denying the appellant's request for payment of his brother's lump sum death benefit under the Federal Employees' Retirement System (FERS). Generally, we

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant's brother (the decedent), a former Federal employee covered under FERS, passed away on July 18, 2014, prior to filing a written designation of beneficiary with OPM. Initial Appeal File (IAF), Tab 6 at 15, 19-25. On August 11, 2014, the Probate Division of the Superior Court of the District of Columbia granted the appellant unlimited powers as the personal representative and administrator of the decedent's estate. *Id.* at 9. Shortly thereafter, the appellant filed an application with OPM seeking payment of the decedent's lump sum death benefit. *Id.* at 10-13. In the application, the appellant indicated that he and his other living brother were the decedent's only heirs and provided a copy of their mother's death certificate. *Id.* at 10, 14. In a December 2, 2014 final decision, OPM determined that the appellant was not eligible to receive the decedent's lump sum death benefit because, pursuant to the order of precedence

established by 5 U.S.C. § 8432, the decedent's father, if living, took precedence over the appellant. *Id.* at 6.

¶3 The appellant appealed OPM's final decision to the Board, asserting again that he was the decedent's only heir and that he and his siblings never knew their biological father. IAF, Tab 1. The appellant did not indicate that he wanted a hearing. *Id.* The administrative judge informed the appellant of his burden to establish his entitlement to the decedent's lump sum death benefit and allowed the parties time to submit closing evidence and argument; the appellant did not make an additional submission. IAF, Tab 8 at 1-2. In an initial decision, the administrative judge affirmed OPM's final decision, finding that the decedent's father's claim to the lump sum death benefit took precedence over the appellant's claim and that unless the father's death was established by provision of a death certificate, OPM had no authority to grant the appellant's claim for benefits. IAF, Tab 9, Initial Decision (ID). The appellant has filed a petition for review, and OPM has responded in opposition. Petition for Review (PFR) File, Tabs 3, 6.

¶4 Under 5 U.S.C. § 8342(d), a lump sum annuity benefit is paid according to the order of precedence set forth in section 8342(c). The order of precedence in the payment of a lump sum benefit is: (1) the designated beneficiaries; (2) a widow or widower; (3) children and descendants of deceased children by representation; (4) parents or the survivor of them; (5) executor or administrator of the estate; and (6) other next of kin. *See* 5 U.S.C. § 8342(c). The parties do not contend, nor is there any evidence to suggest, that the appellant designated a beneficiary prior to his death or that he had a spouse or children. Thus, pursuant to section 8342(c), the decedent's parents have the next highest claim to the benefit. The appellant, as the administrator of the decedent's estate, is only eligible to receive the lump sum benefit if the decedent's parents were both deceased on the date their title to the payment arose, i.e., the date of the decedent's death. *See id*.

¶5 As noted above, the appellant has submitted the decedent's mother's death certificate but has not furnished evidence that the decedent's father is deceased. On review, the appellant states again that he and the decedent never knew their biological father and that he is the only heir and personal representative of the decedent's estate. PFR File, Tab 3 at 1-3. Although we sympathize with the appellant's situation, the administrative judge correctly explained that OPM has no authority to exercise discretion in its application of the order of precedence established by statute. ID at 2-3 (citing *Landsberger v. Office of Personnel Management*, 50 M.S.P.R. 13, 17 (1991), *aff'd*, 956 F.2d 1174 (Fed. Cir. 1992) (Table)). Therefore, pursuant to 5 U.S.C. § 8342(c), in the absence of a death certificate showing that the decedent's father predeceased him, OPM correctly determined that the appellant is not eligible to receive payment of the decedent's lump sum death benefit. Accordingly, we find no basis to disturb the initial decision affirming OPM's final decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                  _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.